IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| HUYNH LE THI NGUYEN,<br><br>    Plaintiff,<br><br>    vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>    Defendant. | Civil No. 06-1739-AA<br>OPINION AND ORDER |

Richard A. Sly
1001 SW 5th Avenue, Suite 310
Portland, Oregon 97204

Linda S. Ziskin
3 Monroe Parkway, Suite P, PMB #323
Lake Oswego, Oregon 97035
    Attorneys for plaintiff

Karin Immergut
United States Attorney
District of Oregon
Britannia I. Hobbs
Assistant United States Attorney
1000 S.W. Third Avenue
Portland, Oregon 97204-2902

Daphne Banay
Special Assistant U.S. Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 901
Seattle, Washington 98104-7075
    Attorneys for defendant

AIKEN, Judge:


PAGE 1 - OPINION AND ORDER

Claimant, Huynh Le Thi Nguyen, brings this action pursuant to the Social Security Act (the Act), 42 U.S.C. §§ 405(g) and 1383(c)(3), to obtain judicial review of a final decision of the Commissioner denying her application for Supplemental Security Income (SSI) disability benefits under Title XVI of the Act. For the reasons set forth below, the Commissioner's decision is reversed and remanded for payment of benefits.

## PROCEDURAL BACKGROUND

Plaintiff protectively filed her application for SSI benefits on November 26, 2003. Tr. 35, 75-82. Plaintiff's application was denied initially and on reconsideration. Tr. 44-48, 50-52. At plaintiff's request, on June 26, 2005, an Administrative Law Judge (ALJ) held a hearing. On February 3, 2006, the ALJ issued a decision finding plaintiff not disabled. Tr. 32. On September 20, 2006, the Appeals Council denied plaintiff's request for review, tr. 4, making the ALJ's decision the final agency decision. See 20 C.F.R. §§ 416.1481, 422.210.

## STATEMENT OF THE FACTS

Plaintiff was born on December 13, 1940. At the time of the hearing, plaintiff was 64 years old and had an 11th grade education. Tr. 35, 75, 394-395. Her past work experience includes employment as a small products assembler, a kitchen worker and a street peddler. Tr. 35, 94, 108, 130, 164, 425. Plaintiff alleges disability beginning August 29, 2002, due to fibromyalgia, depression, and post-traumatic stress disorder (PTSD). Tr. 35, 93.

///

///

**STANDARD OF REVIEW**

This court must affirm the Secretary's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971)(quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)). The court must weigh "both the evidence that supports and detracts from the Secretary's conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986).

The initial burden of proof rests upon the claimant to establish disability. Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months. . . ." 42 U.S.C. § 423(d)(1)(A).

The Secretary has established a five-step sequential process for determining whether a person is disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1502, 416.920. First the Secretary determines whether a claimant is engaged in "substantial gainful activity." If so, the claimant is not disabled. Yuckert, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b).

In step two the Secretary determines whether the claimant

PAGE 3 - OPINION AND ORDER

has a "medically severe impairment or combination of impairments." Yuckert, 482 U.S. at 140-41; see 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled.

In step three the Secretary determines whether the impairment meets or equals "one of a number of listed impairments that the Secretary acknowledges are so severe as to preclude substantial gainful activity." Id.; see 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Secretary proceeds to step four. Yuckert, 482 U.S. at 141.

In step four the Secretary determines whether the claimant can still perform "past relevant work." 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can work, she is not disabled. If she cannot perform past relevant work, the burden shifts to the Secretary. In step five, the Secretary must establish that the claimant can perform other work. Yuckert, 482 U.S. at 141-42; see 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f). If the Secretary meets this burden and proves that the claimant is able to perform other work which exists in the national economy, she is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## DISCUSSION

At step one of the five step sequential evaluation process outlined above, the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged disability onset date. Tr. 36, 40, Finding 1. This finding is not in dispute. At step two, the ALJ found that plaintiff had the severe

PAGE 4 - OPINION AND ORDER

impairments of hypertension and depression. Tr. 36, 40, Finding 2. The ALJ also found that there was insufficient evidence in the record to find that plaintiff had a medically determinable impairment of PTSD and that her fibromyalgia, allergic rhinitis, and chronic sinusitis were not severe impairments. Tr. 37. This finding is in dispute to the extent that plaintiff asserts that the ALJ should have found her to have additional severe impairments. At step three, the ALJ found that plaintiff's impairments did not meet or equal the requirements of a listed impairment. Tr. 16, 18, Finding 4. This finding is in dispute.

The ALJ determined that plaintiff had the residual functional capacity (RFC) to perform simple, routine, repetitive work that did not involve more than occasional interaction with co-workers and had no exertional limitations. Tr. 39, 40, Finding 5. This finding is in dispute.

At step four, the ALJ found that plaintiff was able to perform her past relevant work as a small products assembler, a kitchen worker, and a street peddler. Tr. 39-40, Findings 6-7. Because the ALJ found that plaintiff could perform her past relevant work, she did not make a step five finding as to whether plaintiff could perform other work existing in the national economy.

ALJ's Step Four Finding

Plaintiff asserts that the ALJ's finding at Step 4 of the disability analysis was incorrect because the ALJ relied on erroneous vocational testimony. Based on the VE's testimony, the ALJ identified plaintiff's past work as small products assembler, kitchen worker and "street peddler." Tr. 35. At Step 1,

PAGE 5 - OPINION AND ORDER

however, the ALJ found that plaintiff's part-time work as a kitchen helper "appears to be less than substantial gainful activity." Tr. 36. I agree. That work was done in a quasi-sheltered setting (a senior citizens' center), involved no mental activity, and the physical activity was sustainable only because her hours were very short.

Regarding plaintiff's past relevant work as a street peddler, relied on by both the ALJ and VE, I similarly find this work does not qualify as substantial gainful employment. Specifically, plaintiff was a street peddler while living in Vietnam, her native homeland. Tr. 400-01. Even assuming the work was performed within 15 years of the date of the hearing, plaintiff earned only 50 cents per day. Further, there is no evidence that she performed this work on a full-time basis. Moreover, the VE was not able to testify as to the number of jobs of this type available in the United States. Tr. 427. Although when pressed by the ALJ as to whether there were more than 50,000 such jobs in the United States, the VE replied that there were. Id. The VE admitted, however, that the Employment Division does not track this job type and therefore, I find no evidence supporting the VE's testimony. The closest the VE was able to provide was DOT 2[91].457.018. Tr. 426. That category was for a job titled, "Hawker; Huckster; Vendor," and described as:

> Sells merchandise, such as fruit, vegetables, flowers, or ice cream, on streets or from door to door, usually using basket, pushcart, or truck to carry products. May attract attention by playing chimes or chanting song. May be designated according to product sold as Ice-Cream Vendor (retail trade); Vegetable Vendor (retail trade).

Id.

PAGE 6 - OPINION AND ORDER

Plaintiff was able to perform this type of work in her native land of Vietnam when she was in her early 50s. She is now 65 years old, living in the United States, with a very limited ability to speak the English language. Tr. 119, 120, 169, 171, 219, 295-96, et al. The ALJ failed to include plaintiff's limited English speaking ability in her hypothetical to the ALJ. Therefore, I find the VE's testimony is based on an incomplete hypothetical, and the ALJ's finding that plaintiff could work full-time as a street peddler in the United States, was not based on substantial evidence.

The one remaining job the VE found plaintiff qualified for was that of small products assembler. Plaintiff worked as a small products assembler when she first arrived in the United States in 1996, until 2002. Tr. 94. This was the only job she has held in the United States. There is no dispute that she performed this work at substantial gainful employment levels. Tr. 84. Plaintiff, however, testified that she would not now be able to perform this work on a full-time basis. While the ALJ generally rejected plaintiff's "allegations," the ALJ did not make a credibility finding, and specifically failed to find plaintiff not credible. Tr. 38. Light v. SSA, 119 F.3d 789, 793 (9th Cir. 1997)(hypothetical was inadequate because the ALJ failed to make "specific findings justifying" his decision to discredit Light's subjective complaints)(internal citation omitted). Further, I find no evidence in the record to doubt plaintiff's veracity that she is unable to sustain full-time work. See Lester v. Chater, 81 F.3d 821, 833 (9th Cir. 1995)(in evaluating whether claimant satisfies disability criteria, the Commissioner

PAGE 7 - OPINION AND ORDER

must evaluate the claimant's "ability to work on a <u>sustained</u> basis.")(internal citation omitted, emphasis added).

I find no evidence that plaintiff can perform any substantial gainful work in the national economy. See 20 C.F.R. § 404, Subpart P, Appendix 2 (Medical-Vocational Guidelines). Therefore, "we need not return the case to the ALJ to make a residual functional capacity determination a second time[.]" <u>Benecke v. Barnhart</u>, 379 F.3d 587, 595 (9th Cir. 2004). The Commissioner's decision is not supported by substantial evidence, therefore, the decision is reversed and remanded for payment of benefits.

**CONCLUSION**

The Commissioner's decision is not based on substantial evidence. Therefore, this case is reversed and remanded for payment of benefits.

IT IS SO ORDERED.

Dated this <u> 28 </u> day of February 2008.

                              <u>/s/ Ann Aiken</u>
                                 Ann Aiken
                United States District Judge

PAGE 8 - OPINION AND ORDER